**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC<br><br>     Plaintiff,<br><br>v.<br><br>ONLINE RESOURCES CORP.,<br>     Defendant. | **Case No. 8:13-cv-00245-JFB-TDT**<br><br>**BRIEF IN OPPOSITION TO MOTION TO CONSOLIDATE CASES FOR DISCOVERY AND TRIAL AND TO SET ANSWER DEADLINE** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... iii

I.      **INTRODUCTION** ..................................................................................... 1

II.     **DISCUSSION** .......................................................................................... 3

   A.   Consolidation Is Improper ................................................................. 3

      1.   Consolidation Is Premature Because Neither Defendant (in either case) Has Answered. 4

      2.   Consolidation Would Be Prejudicial to JBTS. ................................... 4

      3.   Consolidation Is Unnecessary Because The Declaratory Judgment Action Is A Candidate For Dismissal. ......................................................................... 5

   B.   ORCC Is In No Position To Move For Consolidation Or Too Further Delay Responding To JBTS's Complaint Because Its Answer In The Original Case Is Extremely Late. ...................................................................................... 6

      1.   ORCC's Inability to Understand the Federal Rules Of Pleading Does Not Excuse ORCC Failing To Answer The Complaint In The Original Case. ........................................ 7

      2.   ORCC Is Not Entitled To Indefinite Tolling Of Its Obligation To Respond To The Complaint Filed In The Original Case. ......................................... 9

III.    **CONCLUSION** ...................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*E.E.O.C. v. HBE Corp.*, 135 F.3d 543 (8th Cir. 1998) ............................................. 3, 5

*Electronics for Imaging, Inc. v. Coyle,* 394 F.3d 1341 (Fed. Cir.2005) ....................... 5

*Enterprise Bank v. Saettele*, 21 F.3d 233 (8th Cir. 1994) ........................................ 3, 6

*General Mills, Inc. v. Kraft Foods Global, Inc.,* 495 F.3d 1378 (Fed. Cir. 2007) ..................... 8, 9

*Herzog v. O'Niel,* Nos. 8:10CV313, 8:10CV381, 2011 WL 247323 (D. Neb. Jan. 26, 2011) ... 3, 5

*Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117 (8th Cir. 1997).................. 10

*Johnson v. Manhattan Ry*., 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933) ............................ 3

*Marshall v. Baggett,* 616 F.3d 849 (8th Cir. 2010)......................................................... 10

*Merial Ltd. v. Cipla Ltd.,* 681 F.3d 1283 (Fed. Cir. 2012) ........................................... 6

*SanDisk Corp. v. STMicroelectronics, Inc.,* 480 F.3d 1372 (Fed. Cir. 2007).............................. 11

*Sprint Communications, L.P. v. Cox Communications, Inc.,* No. 11–2683–JAR–KMH, 2012 WL 1825222 (D. Kan. May 18, 2012) ........................................................ 4

**Rules**

Fed. R. Civ. Proc. 12(a)(4)........................................................................... 8, 9

Fed. R. Civ. Proc. 12(a)(4)(A) ..................................................................... 10

Fed. R. Civ. Proc. 12(b) ............................................................................... 8

Fed. R. Civ. Proc. 12(b)(3) .......................................................................... 10

Fed. R. Civ. Proc. 12(e) .............................................................................. 9

Fed. R. Civ. Proc. 12(f).............................................................................. 9

Fed. R. Civ. Proc. 42(a) ............................................................................. 3

Fed. R. Civ. Proc. 42(b) ............................................................................. 3

NEGenR 1.4(a)(4)(C)(iii) ............................................................................ 2

**Statutes**

28 U.S.C. § 2201................................................................................... 11

Joao Bock Transaction Systems, LLC (hereinafter, "JBTS" or "Plaintiff") hereby submits its Brief in Opposition to the "Motion To Consolidate Cases For Discovery And Trial And To Set Answer Deadline" filed in the above-styled case by Defendant Online Resources Corporation (hereinafter, "ORCC" or "Defendant"). Dkt. Nos. 25-27.  ORCC, by filing this Motion, continues its improper behavior of refusing to respond to the Complaint filed by JBTS until and unless JBTS agrees to bind this case with a separate and subsequently filed declaratory relief action in this Court.[1]  Looking only at its timing, the Motion to Consolidate is premature as neither of the pending matters has progressed far enough procedurally.  A closer look at the circumstances reveals that ORCC is in no position to request consolidation or any other relief. ORCC is considerably late in responding to JBTS's Complaint for Patent Infringement (even after receiving an extension), and the causes of action that ORCC raised in the declaratory judgment action should have been raised as defenses to JBTS's Complaint.  JBTS is not adverse to addressing ORCC's defenses, but they should be brought as Answers to JBTS's Complaint. ORCC's act in filing a declaratory judgment matter is duplicitous of the first-filed action (because it asserts defenses more appropriately raised in that action).  ORCC's declaratory judgment matter is also burdensome on the parties and this Court by requiring time and resources for docketing and handling filings for two cases (even at an early stage) rather than a single case, and it is wasteful of this Court's resources.  ORCC has sought to evade its obligations to respond to the infringement action, filed first, by JBTS.  This should not be permitted.

## I.    INTRODUCTION

On June 18, 2013, JBTS filed its infringement action against ORCC in the Southern District of New York (hereinafter, "the Original Case").  Dkt. No. 1.  The Summons and

---

[1] This Motion was also filed in Case No. 8:13-cv-00231 – Dkt. Nos. 10-12 by ORCC and ACI Worldwide, Inc. (hereinafter, "ACI").  JBTS has not actually been served with the Motion.

Complaint were served on ORCC on June 21, 2013.  Dkt. No. 3.  ORCC missed the 21-day deadline to respond to the Complaint.  ORCC sought and received permission from the Court for additional time to respond claiming "excusable neglect," citing a mix-up in communication between ORCC and ACI.  Dkt. No. 5.  JBTS did not oppose this request which resulted in ORCC receiving up to July 31, 2013 to respond.  *Id.*

Instead of Answering or filing a motion as permitted by the Federal Rules, ORCC took two unusual steps.  First, a Complaint was filed in this Court on July 31, 2013 (with ACI as co-plaintiff) seeking relief under the Declaratory Judgment Act (hereinafter, "the Declaratory Judgment Action").  Case No. 8:13-cv-00231, Dkt. No. 1.[2]  Second, counsel for ORCC sent a letter to the Court hearing the Original Case pursuant to that Court's rules.  *See* Exhibit A; Exhibit B.  In this letter, ORCC requested a pre-motion conference, and indicated that a motion to stay pending resolution of the Declaratory Judgment Action, or in the alternative, a motion to dismiss for improper venue, was being considered.  *Id.*  Subsequently, JBTS sent its own letter dated August 5, 2013 to inform the Judge that the parties had conferred and jointly requested transfer of the Original Case to the District of Nebraska.  Dkt. No. 13.  The Judge presiding over the Original Case granted the request on August 9, 2013.  *Id.*  Shortly after the transfer, the Chief Judge for the District of Nebraska realized that the two matters shared the same parties and subject matter and the Original Case was re-assigned to this Court pursuant to NEGenR 1.4(a)(4)(C)(iii).  Dkt. No. 19.  As for the Declaratory Judgment Action, ORCC and ACI claim

---

[2] Curiously, ORCC clutters its motion with non-relevant backstory, particularly with respect to the license agreement between ACI and JBTS.  Furthermore, as "evidence" of said agreement, ORCC "cites" only to allegations in the Declaratory Judgment Action Complaint, which are themselves unsupported by evidence.  *See* Dkt. No. 25, ¶¶ 2-5.  While not disputing the existence of the agreement or its forum selection clause, JBTS disputes the allegations that the merger of the ORCC and ACI excuses ORCC's infringement prior to the merger or that ORCC's communication of its "opinion" to JBTS is evidence.  *See id.*, ¶¶ 3, 4.

to have served JBTS with the Complaint, albeit after the filing of the Motion to Consolidate.  *See* 8:13-cv-00231, Dkt. No. 13.

## II.    DISCUSSION

Fed. R. Civ. Proc. 42(a)  permits a Court to consolidate actions that involve a common question of law or fact.  The purpose of consolidation is to provide a court with considerable discretion to manage its docket to promote "convenience and economy in administration." *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (quoting *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-497, 53 S.Ct. 721, 727-728, 77 L.Ed. 1331 (1933)).  Consolidation is not appropriate, however, "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998) (citing Fed. R. Civ. Proc. 42(b)); *see also*, *Herzog v. O'Niel,* Nos. 8:10CV313, 8:10CV381, 2011 WL 247323, *1 (D. Neb. Jan. 26, 2011).

ORCC has done a fine job explaining how Fed. R. Civ. Proc. 42 should apply to circumstances where multiple properly-brought matters have overlap among parties and issues.  However, the circumstances here are anything but normal and are not as clear cut as ORCC contends.  Consolidation of the above-style matters is improper for a number of reasons.  ORCC's actions in response to JBTS's Complaint in the Original Case indicate that the Motion to Consolidate is, at best, premature, or, at the other extreme, dilatory and improper.

### A.  Consolidation Is Improper

JBTS does not dispute the appropriateness of a consolidation under the right circumstances.  However, the convoluted situation into which JBTS has been dragged does not qualify and consolidation is inappropriate at this time.

1. <u>Consolidation Is Premature Because Neither Defendant (in either case) Has Answered.</u>

The Motion to Consolidate is premature because neither case has completed the pleadings stage.  As discussed in more detail below, ORCC has not yet responded to the Complaint filed by JBTS in the Original Case.  Likewise, the due date for JBTS to Answer or otherwise respond to the Declaratory Judgment Action Complaint has only just been determined.[3]  As case-dispositive motions are possible in both matters, consolidation at this stage does not make sense as it is possible that one matter may not survive the pleadings stage.  For reasons of judicial economy, consolidation is not appropriate at this time.  *Sprint Communications, L.P. v. Cox Communications, Inc.,* No. 11–2683–JAR–KMH, 2012 WL 1825222, *1 (D. Kan. May 18, 2012).

In addition, JBTS has not been properly served with ORCC's Motion in the Declaratory Judgment Action.  JBTS was not even served with the Complaint until after the Motion to Consolidate was filed.[4]  *See* 8:13-cv-00231, Dkt. No. 13.  While JBTS has received the Motion in the Original Case, this is no substitute for actual service of the Motion in the Declaratory Judgment Action.  JBTS has not even made an appearance in the Declaratory Judgment Action. The Motion to Consolidate should be dismissed as premature on these bases as well.

2. <u>Consolidation Would Be Prejudicial to JBTS.</u>

Allowing ORCC two opportunities to make its claims is prejudicial to JBTS.  ORCC has made its defenses to JBTS's claims in the Declaratory Judgment Action once already instead of making them in its response to JBTS's Complaint in the Original Case.  Now it seeks even more

---

[3] At this time it is unclear if JBTS has been properly served at all.
[4] In the Declaratory Judgment Action, ORCC and ACI allegedly mailed the Summons and Complaint to JBTS's registered agent in Delaware on the same day as the Motion to Consolidate was filed. Dkt. 25, ¶ 15.  The Summons and Complaint were not received until October 9, 2013, a fact ORCC and ACI did not communicate to this Court until October 15, 2013.  *See* 8:13-cv-00231 – Dkt. 13.

time to refine these arguments, despite having received one extension already (*see* Dkt. No. 5) and being more than two months late with its Answer.  By also requesting that ORCC's Answer in the Original Case now be due the same day as JBTS's Answer in the Declaratory Judgment Action is due, ORCC seeks an additional strategic advantage to which it is also not entitled. Consolidation is not appropriate where prejudice to a party would result.  *HBE Corp.*, 135 F.3d at 551; *Herzog*, 2011 WL 247323, *1.

   3.   <u>Consolidation Is Unnecessary Because The Declaratory Judgment Action Is A
        Candidate For Dismissal.</u>

The Declaratory Judgment Action brought by ORCC and ACI is subject to motions to dismiss on a number of grounds.  First and foremost, the claims raised in the Declaratory Judgment Action should have been brought as defenses to the JBTS's claims in the Original Action.  Instead, ORCC gambled that it could win the race to the court house despite knowingly starting second by asking the Court to dismiss the Original Case.  As this tactical maneuver has failed, the Declaratory Judgment Action is redundant.  On the basis of judicial economy alone, this Court could dismiss the Declaratory Judgment Action. *Electronics for Imaging, Inc. v. Coyle,* 394 F.3d 1341, 1345 (Fed. Cir. 2005).

ORCC's assertion that JBTS's infringement claims against ORCC are without merit under ACI's license, and the fact that this opinion was communicated to JBTS, does not give ORCC the high ground.  Defendant has not provided any facts to support that ORCC is covered by ACI's license.  The fact that JBTS filed suit first is a clear indication that JBTS does not agree with Defendant.  Nor does ORCC's "opinion" entitle it to go to the head of the line and realign the proper order of the parties.  This Court recognized that these two matters were related early in the process - - an indication that the cases are mirror images and only one should be allowed to proceed.  To that end, under the First-To-File Rule, dismissal of the Declaratory Judgment

Action is warranted.  *Merial Ltd. v. Cipla Ltd.,* 681 F.3d 1283, 1299 (Fed. Cir. 2012).  Motion practice of the current motions (and possibly others) will significantly delay or eliminate the Declaratory Judgment Action.  No reason exists to bind the two matters together only to have to excise one later or delay the other for no good reason.

  B.  ORCC IS IN NO POSITION TO MOVE FOR CONSOLIDATION OR TOO FURTHER DELAY RESPONDING TO JBTS'S COMPLAINT BECAUSE ITS ANSWER IN THE ORIGINAL CASE IS EXTREMELY LATE.

  Plainly stated, ORCC's Answer in the Original Case is late.  Nothing ORCC says changes that fact.  ORCC's Answer to JBTS's Complaint was initially due 21 days after service on June 21, 2013.  Dkt. No. 3 (July 12, 2013).  ORCC requested and received an extension to July 31, 2013.  Dkt. No. 5.  For all ORCC's excuses and self-serving explanations, there is no legitimate reason for it to further delay responding to JBTS's Complaint.[5]  ORCC has provided two very long sentences to explain all the steps they took when faced with JBTS's Complaint for Patent Infringement.  Dkt. No. 25, ¶ 6.  This concisely reveals the lengths to which ORRC has gone to avoid its obligations under the Federal Rules.  The contention that ORCC has been acting in "good faith" (Dkt. No. 25, ¶ 14) is completely undermined by its inability to follow the Federal Rules.  Moreover, the ostensible goal of the motion, to merge the two matters into one with ORCC and ACI as plaintiffs, is not possible as consolidation does not merge the suits into one.  *Enterprise Bank*, 21 F.3d at 235.  The existence of the Declaratory Judgment Action is not a reason for ORCC to attempt to reverse the posture of the parties through dilatory litigation tactics.

---

[5] At this time, JBTS reserves its right to file for entry of default as a precursor to filing a Motion for Default Judgment under Fed. R. Civ. Proc. 55 in light of ORCC's failure to respond within the time allotted under the Federal Rules, including the extension ORCC received based on its request for additional time.

1.  <u>ORCC's Inability to Understand the Federal Rules Of Pleading Does Not Excuse
ORCC Failing To Answer The Complaint In The Original Case.</u>

ORCC's Motion and Brief present first the remarkably obtuse argument that there is no
Federal Rule that governs this situation.  Setting aside the fact that ORCC "created" this
situation, there really is nothing special about the current circumstances with respect to ORCC's
obligation to respond to a properly-filed and served Complaint.  Simply stated, there are now two
independent matters pending before this Court.  The named parties are essentially the same and
the subject matter allegedly is related.[6]   As separate and distinct cases, the obligation under Fed.
R. Civ. Proc. 12(a)(1)(A)(i) to respond within 21 days applies to each case.  In the Original Case,
JBTS filed its Complaint in this matter on June 18, 2013 and served the Complaint on June 21,
2013 (Dkt. Nos. 1, 3).  ORCC's response was due on July 12, 2013, pursuant to Fed. R. Civ.
Proc. 12(a)(1)(A)(i).  ORCC missed this first opportunity to raise its defenses, apparently
through a miscommunication between ORCC and ACI.[7] *See* Dkt. No. 5.

Recognizing its failure to act in a timely manner, ORCC sought and received additional
time based on an argument for "excusable neglect."  *Id.*  On the new due date of July 31, 2013,
ORCC once again chose not to Answer the Complaint.  Instead ORCC wrote to the then-
assigned Judge[8] to recount how ORCC had filed the Declaratory Judgment Action in this Court
instead of filing its Answer.  *See* Exhibit A.

When considered in isolation, ORCC was not totally wrong in its actions with respect to
the Original Case.  Section IV of the Individual Rules of Practice for the assigned judge specifies

---

[6] This fact has been previously recognized and resulted in the *sua sponte* re-assignment of the
Original Case to this Court.  Dkt. No. 19.
[7] Counsel for ACI and ORCC knew of the existence of the Complaint as early as July 19, 2013,
and contacted Plaintiff's counsel requesting a courtesy copy of the Complaint.  Plaintiff's
counsel sent the courtesy copy to ORCC's counsel on June 20, 2013.  Exhibit C: Email to
Counsel.
[8] The Honorable Shira A. Scheindlin, S.D. N.Y (Dkt. Entry dated July 31, 2013).

that no motion may be brought without first writing a letter to Chambers requesting a pre-motion

conference.  Exhibit B, Section IV, A.  In its letter, ORCC requested that the Original Case be

stayed, or, in the alternative, be dismissed based upon improper venue.  *See* Exhibit A.  On

August 5, 2013, counsel for JBTS wrote to the Judge and indicated that the parties had conferred

and jointly requested transfer to this Court.  Dkt. No. 13.  On August 9, 2013, the newly-assigned

Judge[9] granted the parties' wish and transferred the Original Case to this Court.  *Id*.  At no point

did a Judge of the Southern District of New York rule on any motion.

ORCC then tries to support its argument by suggesting that the Federal Rules do not

cover the situation where a Defendant "wins" a motion.  First of all, this twists the language and

intent the Federal Rules beyond recognition.  Fed. R. Civ. Proc. 12(a)(4) states:

> Unless the court sets a different time, serving a motion under this rule alters these
> periods as follows:
>
>> (A) if the court denies the motion or postpones its disposition until trial,
>> the responsive pleading must be served within 14 days after notice of the
>> court's action; or
>> (B) if the court grants a motion for a more definite statement, the
>> responsive pleading must be served within 14 days after the more definite
>> statement is served.

"These periods" refer only to the time periods in Fed. R. Civ. Proc. 12(a).  *General Mills, Inc. v.*

*Kraft Foods Global, Inc.,* 495 F.3d 1378, 1379 (Fed. Cir. 2007).  In this instance, the 21-day

period to respond to a Complaint is the only relevant time period, pursuant to Fed. R. Civ. Proc.

12(a)(1)(A)(i).  A "motion under this rule" refers to the defenses to be raised by motion under

Fed. R. Civ. Proc. 12(b).[10]

---

[9] The Honorable Cathy Seibel, S.D. N.Y. (Dkt. Entry dated August 6, 2013).

[10] (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4)
insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which
relief can be granted; and (7) failure to join a party under Rule 19.  A "Motion For A More

The clear intent of Fed. R. Civ. Proc. 12(a)(4) is to allow for the time to file a responsive pleading to be tolled while certain motions are briefed and decided in case they are dispositive. *General Mills*, 495 F.3d at 1379-1380. The two specific scenarios actually addressed in Fed. R. Civ. Proc. 12(a)(4) do not apply here. The idea that a case simply stops when a motion is filed is not supported by the word or intent of the applicable Federal Rule.[11] ORCC's attempt to make up new rules cannot be permitted.

> 2. ORCC Is Not Entitled To Indefinite Tolling Of Its Obligation To Respond To The Complaint Filed In The Original Case.

Second and more compelling, ORCC did not make, much less win, <u>any</u> motion in the Original Case. Despite the allegation made by ORCC in its motion (*see* Dkt. No., 25, ¶ 6b; *see also* Dkt. Nos. 10 and 26, pp.2, 5), ORCC did not file a motion in this case while it was under the jurisdiction of the Southern District of New York.[12] By the applicable rules of that Court, a motion is not permitted until and unless a letter has been submitted to the Court, a hearing was held, and the Court has set a briefing schedule. *See* Exhibit B. While ORCC sent a letter, it did not contain the grounds for the contemplated motions, as required. See Exhibit B, Section IV, A. No hearing was held as the that Court transferred the matter to this Court without holding a hearing. *See* Dkt. No. 13.

Even by stretching the definition of motion well past its ordinary meaning to treat ORCC's July 31, 2013 letter as a motion, ORCC did not win a motion to dismiss for improper

---

Definite Statement" under Fed. R. Civ. Proc. 12(e) or a "Motion To Strike" under Fed. R. Civ. Proc. 12(f) would likely also apply but are not relevant here.

[11] With considerable discourse, ORCC reveals its dilatory intent by trying to place the obligation for finding the applicable rule on JBTS. Dkt. No. 26, pp. 5-6; *see also* Dkt. No. 25, ¶¶ 12-13. Aside from the shear obtuseness of the claim that no rule applies, the obligation to understand and follow the rules rests with ORCC and its counsel, not JBTS.

[12] These affirmative misrepresentations of what transpired in the Southern District of New York undermine ORCC's credibility as well as any legal basis for their claim that the Answer to JBTS's Complaint is not due until a Court sets a date.

venue pursuant to Fed. R. Civ. Proc. 12(b)(3) (or any other section or subsection of Fed. R. Civ. Proc. 12 for that matter).  Nor did ORCC lose its motion.  Pursuant to Fed. R. Civ. Proc. 12(a)(4)(A), this would have given ORCC 14 days to respond.  To the contrary, the parties jointly requested transfer to this Court, as stated in JBTS's August 5, 2013 letter that was endorsed by the New York Court.  *See* Dkt. No 13.  As of the date of the transfer of the Original Case, the tolling period for ORCC to respond to the Complaint in the Original Case ended on August 9, 2013, the date of transfer to this Court.  Even if the provision of Fed. R. Civ. Proc. 12(a)(4)(A) were to be applied to give ORCC 14 more days to respond (August 23, 2013), it is now the middle of October and ORCC has still not been able to find the time to meet its obligation.  This sort of dilatory and unreasonable behavior is sufficient basis for entry of default judgment.  *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010), citing *Inman v. American Home Furniture Placement, Inc.,* 120 F.3d 117, 119 (8th Cir. 1997).  In consideration of the infirmities of ORCC's explanations for its actions as discussed above, ORCC should be ordered to respond to the Complaint in the Original Case immediately or face default.  Moreover, much more needs to happen before the possibility of consolidation should be considered, and by the time that occurs, it will likely not be necessary or even an option.

## III.    CONCLUSION

The motion by ORCC to consolidate the two cases is premature and, therefore inappropriate.  Neither case is ripe for such a determination.  Consolidation would also be prejudicial to JBTS.

There should be only one case - - the Original Case filed initially in the Southern District of New York.  ORCC has gotten what it sought, to have the case against it litigated in this Court.  As such, the Declaratory Judgment Action is no longer necessary.  ORCC is not entitled to

reverse the roles of the parties as a reward for ignoring the rules of this and other District Courts.

Nor is ORCC in a position to make demands of this Court until it has complied with the rules.

JBTS respectfully requests that the Motion to Consolidate be denied, that ORCC be ordered to

Answer JBTS's Complaint immediately, and that this Court dismiss the Declaratory Judgment

Action pursuant to its considerable discretion under 28 U.S.C. § 2201.  *See SanDisk Corp. v.*

*STMicroelectronics, Inc.,* 480 F.3d 1372, 1383 (Fed. Cir. 2007).

Date: <u>October 18, 2013</u>

**Joao Bock Transaction Systems, LLC**

 *s/ Maureen V. Abbey* 
Maureen V. Abbey, *Pro Hac Vice*
**HENINGER GARRISON DAVIS, LLC**
220 St. Paul Street
Westfield, New Jersey 07090
Telephone: (90) 379-8475
Facsimile: (908) 301-9008
Email: maureen@hgdlawfirm.com

Steven W. Ritcheson, *Pro Hac Vice*
California Bar No. 174062
**HENINGER GARRISON DAVIS, LLC**
9800 D Topanga Canyon Blvd. #347
Chatsworth, California  91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
Email: swritcheson@hgdlawfirm.com

David J. Koukol
Nebraska Bar No. 18102
**KOUKOL & JOHNSON, LLC**
12020 Shamrock Plz., Suite 333
Omaha, Nebraska  68154
Phone: (402) 934-9499, ext. 202
Fax: (402) 934-7730
Email: dkoukol@westomahalaw.com

Attorneys for Plaintiff *Joao Bock Transaction Systems, LLC* (8:13-cv-00245)

## CERTIFICATE OF SERVICE

I hereby certify that on <u>October 18, 2013</u>, I electronically filed the foregoing

with the Clerk of the U.S. District Court using the CM/ECF system, which will send a

notification of such filings to the CM/ECF participants for this case who are deemed to have

consented to electronic service.

*s/ Maureen V. Abbey*
Maureen V. Abbey, *Pro Hac Vice*
