# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ONLINE RESOURCES CORPORATION and ACI WORLDWIDE, INC., | ) ) ) | **Case No. 8:13cv231** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | ) ) ) ) | |
| Defendant | ) ) ) ) | |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | ) ) ) ) | **Case No. 8:13cv245** |
| Plaintiff, | ) ) ) | **ANSWER** |
| v. | ) ) | |
| ONLINE RESOURCES CORPORATION, | ) ) ) ) | |
| Defendant. | ) | **Jury Trial Requested in Omaha** |

Defendant Online Resources Corporation ("ORCC") states and alleges as follows for its Answer to Plaintiff's Complaint:

## NATURE OF THE ACTION

1. ORCC admits Plaintiff has alleged a patent infringement action against it regarding United States Patent No. 7,096,003 entitled "Transaction Security Apparatus" ("the '003 Patent"). ORCC denies the remaining allegations in paragraph 1 of the Complaint.

## THE PARTIES

2. To the extent Plaintiff alleges legal conclusions in paragraph 2 of the Complaint, such allegations do not require an answer. To the extent any such

allegations are factual, they are denied. ORCC admits that Plaintiff is a limited liability company organized under the laws of the State of Delaware, with a principal place of business at 116 Sweetfield Circle, Yonkers, New York, 10704. ORCC also admits that Plaintiff purports to be the owner of the '003 Patent. ORCC denies the remaining allegations in paragraph 2 of the Complaint.

3.     ORCC admits that it is a corporation organized under the laws of the State of Delaware, with a principal place of business at 4795 Meadow Wood Lane, Suite 300, Chantilly, Virginia 20151. ORCC also admits that it is registered as a foreign corporation with the New York Department of State. The remaining allegations in paragraph 3 of the Complaint allege a legal conclusion and, therefore, require no response. To the extent any such allegations are factual, they are denied.

## JURISDICTION AND VENUE

4.     To the extent Plaintiff alleges legal conclusions in paragraph 4 of the Complaint, such allegations do not require an answer. To the extent any such allegations are factual, they are denied. ORCC admits that Plaintiff has alleged an action under 35 U.S.C. § 1, et. seq. ORCC denies the remaining allegations in paragraph 4 of the Complaint.

5.     To the extent Plaintiff alleges legal conclusions in paragraph 5 of the Complaint, such allegations do not require an answer. To the extent any such allegations are factual, they are denied. ORCC denies the remaining allegations in paragraph 5 of the Complaint.

6.     ORCC denies the allegations in paragraph 6 of the Complaint.

7.     ORCC denies the allegations in paragraph 7 of the Complaint.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT 7,096,003

8. ORCC restates and incorporates by reference its responses in paragraphs 1 through 7 as if fully set forth herein.

9. ORCC denies the allegations in paragraph 9 of the Complaint.

10. ORCC denies the allegations in paragraph 10 of the Complaint.

11. ORCC admits that it operated a website at www.orcc.com in the past but such website was closed after ORCC's merger with ACI Worldwide, Inc. ORCC denies the remaining allegations in paragraph 11 of the Complaint.

12. ORCC denies the allegations in paragraph 12 of the Complaint.

13. ORCC denies the allegations in paragraph 13 of the Complaint.

14. ORCC denies the allegations in paragraph 14 of the Complaint.

15. ORCC denies the allegations in paragraph 15 of the Complaint.

16. ORCC denies the allegations in paragraph 16 of the Complaint.

17. ORCC denies the allegations in paragraph 17 of the Complaint.

18. To the extent Plaintiff alleges legal conclusions in paragraph 18 of the Complaint, such allegations do not require an answer. To the extent any such allegations are factual, they are denied.

19. ORCC denies the allegations in paragraph 19 of the Complaint.

## JURY DEMAND

20. Paragraph 20 of the Complaint states only that Plaintiff demands a trial by jury on all issues, which does not require a response. ORCC also requests trial by jury on all issues that are triable to a jury.

**DENIAL OF ALL ALLEGATIONS EXCEPT THOSE EXPRESSLY ADMITTED**

21. ORCC denies any and all allegations in the Complaint except those expressly admitted herein.

**AFFIRMATIVE AND OTHER DEFENSES**

22. Plaintiff's claims are barred by release. ORCC's activities are released, either expressly or implicitly, by a certain License, Settlement, and Release Agreement regarding specified intellectual property, including the '003 Patent.

23. Plaintiff's claims are barred by a license. ORCC's activities are licensed, either expressly or implicitly, by a certain License, Settlement, and Release Agreement regarding specified intellectual property, including the '003 Patent, or are otherwise permitted under the doctrines of patent exhaustion and/or the first sale doctrine.

24. Plaintiff's claims are barred by settlement. ORCC's activities are permitted, either expressly or implicitly, by a certain License, Settlement, and Release Agreement regarding specified intellectual property, including the '003 Patent.

25. ORCC has not directly or indirectly infringed, jointly infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '003 Patent. ORCC, in conjunction with ACI Worldwide, Inc. ("ACI"), has separately filed a lawsuit which seeks as part of the relief prayed for a declaratory judgment of non-infringement of the '003 Patent. The aforementioned lawsuit was filed in this Court at Case No. 8:13-cv-231 and has been consolidated for purposes of discovery and trial with the above-captioned case by order of this Court on October 29, 2013.

26. The '003 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '003 Patent can be validly construed to cover any services and/or products imported, made,

used, sold, or offered for sale by ORCC. As part of the relief requested in the aforementioned lawsuit consolidated with this case, ORCC has asked the Court to declare the '003 Patent invalid.

27. The '003 Patent is unenforceable against ORCC due to laches, estoppel, waiver, inequitable conduct, and/or other applicable equitable doctrines.

28. Plaintiff is precluded from seeking damages from ORCC because Plaintiff failed to provide the required notice pursuant to 35 U.S.C. § 287.

29. Recovery, if any, is limited by the applicable statute of limitations. Plaintiff's claims may also be subject to the time limitation on damages pursuant to 35 U.S.C. § 286.

30. Plaintiff's claims may be barred by the doctrine of prosecution history estoppel based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made during the original prosecution of the '003 Patent and/or parent or child application related to such patent, as well as any re-examinations that may have occurred.

31. Plaintiff's claims may be barred, in whole or in part, by the doctrine of acquiescence.

### "COUNTERCLAIM" ALREADY CONTAINED IN CASE NO. 8:13-CV-231

32. ORCC has already filed affirmative claims for relief against Plaintiff in Case No. 8:13-cv-231, and that case has been consolidated with this case by order of the Court on October 29, 2013. ORCC asserts the same claims here so as to reserve all rights of counterclaim.

WHEREFORE, Online Resources Corporation respectfully prays for judgment in its favor and against Plaintiff as follows:

    a.    That Plaintiff take nothing by its Complaint;

    b.    That Plaintiff's Complaint be dismissed with prejudice;

    c.    That the Court finds that Online Resources Corporation does not infringe, and has not infringed, the '003 Patent in any way;

    d.    That the Court finds the '003 Patent is invalid;

    e.    That the Court award Online Resources Corporation its costs and expenses;

    f.    That the Court declare this case to be an exceptional case and that Online Resources Corporation be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

    g.    That Online Resources Corporation be awarded all relief it seeks in Case No. 8:13-cv-231 consolidated with the this case; and

    h.    That Online Resources Corporation be awarded such other and further relief as to the Court may seem just and proper.

Dated this 1st day of November, 2013.

                                  ONLINE RESOURCES CORP.,
                                  Defendant

                                  By  *s/ Daniel J. Fischer*
                                       Gregory C. Scaglione, #19368
                                       Daniel J. Fischer, #22272
                                       Patrice D. Ott, #24435
                                       KOLEY JESSEN, P.C., L.L.O.
                                       1125 South 103rd Street, Suite 800
                                       Omaha, NE  68124-1079
                                       (402) 390-9500

4826-0636-0598.1

(402) 390-9005 (facsimile)
Greg.Scaglione@koleyjessen.com
Dan.Fischer@koleyjessen.com
Patrice.Ott@koleyjessen.com

Attorneys for Online Resources Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of November, 2013, all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of the foregoing via the Court's CM/ECF system.

*s/ Daniel J. Fischer*