IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | |
| Plaintiff, | |
| vs. | 8:13CV245 |
| ONLINE RESOURCES CORP., | ORDER |
| Defendant. | |

This matter is before the court on Online Resources Corp.'s (Online Resources) Verified Motion to Amend Progression Order (Filing No. 149). Online Resources filed a brief (Filing No. 150) in support of the motion. Joao Bock Transaction Systems, LLC (Joao Bock) filed a brief (Filing No. 172) opposing the motion. Online Resources filed a brief (Filing No. 175) in reply.

BACKGROUND

Joao Bock alleges Online Resources infringed United States Patent No. 7,096,003 (the '003 Patent) either literally or under the doctrine of equivalents, and knowingly and intentionally induced infringement of the patent. **See** Filing No. 1 - Complaint p. 4-10. Initially, Online Resources denied infringement and generally asserted the patent is invalid and unenforceable. **See** Filing No. 32 - Answer p. 3, 5 ¶¶ 26-27. On March 25, 2015, with leave of court, Online Resources amended the answer to specifically allege "[t]he '003 Patent is unenforceable against [Online Resources] due to the doctrines of issue or claim preclusion based on a judicial determination that certain of the claims of the '003 Patent are invalid . . . ." **See** Filing No. 145 - Amended Answer ¶ 27.

Joao Bock had initially filed suit against Online Resources in the United States District Court for the Southern District of New York alleging infringement of the '003 Patent, on June 18, 2013. On July 31, 2013, Online Resources and ACI Worldwide, LLC (ACI), who acquired Online Resources in March 2013, filed suit against Joao Bock in the United States District Court for the District of Nebraska alleging breach of a

November 2012 License, Settlement and Release Agreement concerning the '003 Patent and seeking declaratory judgment of non-infringement and invalidity of the '003 Patent.  See *Online Resources Corp., et al. v. Joao Bock Transaction Sys., LLC*, 8:13CV231.  On August 9, 2013, the Southern District of New York court transferred that lawsuit to this district and the two cases were consolidated.

On November 27, 2013, the court entered an initial progression order based on the parties' proposal, scheduling a *Markman* hearing for November 13, 2014, and setting deadlines for discovery and claim construction.  See Filing No. 36.  The order fixed March 21, 2014, for Online Resources to file a statement of preliminary invalidity contentions and serve related discovery.  *Id.*  Online Resources sought and received extensions of the deadline informally to March 28, 2014, then to April 14, 2014, and then formally by the court to May 29, 2014.  See Filing Nos. 40 - Motion to Stay, 50 - Progression Order, 172 - Brief p. 5.  Despite the deadlines and Joao Bock's discovery requests related to invalidity contentions, Online Resources inexplicably reserved contentions and production.  Upon expiration of the deadline, on June 2, 2014, counsel for Online Resources informed counsel for Joao Bock that Online Resources did not "intend to serve patent invalidity contentions, given the expense involved and the merits of [its] MSJ."  See Filing No. 79 - Ex. C Scaglione Email (stating Online Resources "may instead pursue invalidity before the PTO").  Similarly, on July 21, 2014, when opposing sanctions sought by Joao Bock, Online Resources recognized the invalidity contentions deadline was not compulsory, the progression order merely set the deadline "*if [Online Resources] chose to do so*."  See Filing No. 89 - Response p. 2.  Thereafter, the parties completed briefing regarding claim construction, yet the court continued the *Markman* hearing until June 5, 2015.  See Filing No. 154.

In the time between Online Resources' final deadline to file a statement of preliminary invalidity contentions and the motion to re-open the deadline two significant events occurred.  First, on March 2, 2015, the court entered an order resolving the parties' cross motions for summary judgment on their contract dispute, entering judgment against Online Resources and ACI on the contract action, and merging the patent allegations into this solitary case.  See Filing No. 135.  Second, on December 15, 2014, the United States District Court for the District of Delaware entered judgment

against Joao Bock in *Joao Bock Transaction Sys. v. Jack Henry & Assoc.*, 1:12CV1138, precluding Joao Bock from litigating the validity of certain patent claims.[1] Specifically, the *Jack Henry* court resolved competing motions for summary judgment against Joao Bock, finding certain claims in the '003 Patent are invalid, and therefore, not infringed.  See Filing No. 131 - Motion to Amend p. 2 (**citing** Filing No. 131-3 - Ex. C *Jack Henry* Opinion p. 20 n.10).  The *Jack Henry* court's opinion prompted Online Resources to "update the defenses alleged in its operative Answer to add issue and claim preclusion."  See Filing No. 131 - Motion p. 2.  Additionally, Online Resources contends the *Jack Henry* court's findings, i.e., the claims are unpatentably based on an abstract idea, apply to the remainder of the '003 Patent.  See Filing No. 142 - Reply p. 1.

The *Jack Henry* court's invalidity determination coupled with this court's summary judgment determination invigorated Online Resources to re-evaluate the invalidity contentions in this matter.  Accordingly, although the deadlines have expired, Online Resources seeks to serve preliminary invalidity contentions and identify two new corresponding expert witnesses.  See Filing No. 149 - Motion.  Online Resources notes it participated in the claim construction process and focused on the breach of contract issues.  See Filing No. 150 - Brief p. 5; Filing No. 175 - Reply p. 3.  Nevertheless, Online Resources argues Joao Bock will not suffer prejudice by the late contentions because Joao Bock faced nearly identical contentions in the *Jack Henry* case and sufficient time remains for discovery and other preparations in this matter.  See Filing No. 150 - Brief p. 3-8.

Joao Bock argues Online Resources failed to diligently pursue the invalidity contentions by failing to timely file them or timely seek an extension of the deadline. See Filing No. 172 - Response p. 3.  Additionally, Joao Bock contends Online Resources "made an affirmative, strategic decision not to pursue its claims for invalidity in this case," upon which decision Joao Bock relied.  *Id.* at 3, 11-12.  Joao Bock asserts it will suffer prejudice in connection with the discovery process and the claim construction process, if the court allows Online Resources to belatedly pursue invalidity contentions.  *Id.* at 13-14.  Specifically, the invalidity contentions may impact the claim

---

[1] Joao Bock appealed the *Jack Henry* court's decision to the Federal Circuit on January 7, 2015.

construction process by increasing the number of terms necessary for the court to construe. *Id.* According to Joao Bock, the infringement and invalidity arguments may have a profound impact on the claim construction process rendering the process manifestly unfair by allowing Online Resources "to develop and disclose its invalidity position after the parties have taken their respective claim construction positions." *Id.* at 14.

## ANALYSIS

Online Resources seeks leave to amend the progression order to file invalidity contentions and identify related expert witnesses out of time. The court has the authority to grant an extension of time or modify a progression order only for good cause shown. **See** Fed. R. Civ. P. 6(b)(1), 16(b)(4); ***Bradford v. DANA Corp.***, 249 F.3d 807, 809-10 (8th Cir. 2001). "In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'" ***Thorn v. Blue Cross & Blue Shield of Fla., Inc.***, 192 F.R.D. 308, 309 (M.D. Fla. 2000) (paraphrasing Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)); ***Hartis v. Chicago Title Ins. Co.***, 694 F.3d 935, 948 (8th Cir. 2012) ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."). Furthermore, the court has the authority to grant an extension of time after the original time has expired only upon a showing the party failed to act because of excusable neglect. **See** Fed. R. Civ. P. 6(b)(1)(B). In this circuit, a court "will not consider prejudice [to the nonmovant] if the movant has not been diligent in meeting the scheduling order's deadlines." ***Hartis***, 694 F.3d at 948 (citation omitted and alteration in original).

Online Resources argues sufficient justification exists for allowing the extension of time, out of time. Online Resources essentially contends good cause for the delayed filings exists because court orders entered on December 15, 2014, and March 2, 2015, altered Online Resources' strategic assessment of the merits of Joao Bock's infringement allegations. Additionally, Online Resources argues the merits of the invalidity contentions would be strong based on other cases involving Joao Bock from 2001 to 2013, which Online Resources has apparently only recently learned. **See** Filing

4

No. 175 - Reply p. 3-4.  Such meritorious contentions would likely be dispositive of the case, according to Online Resources, reducing undue prejudice to Joao Bock in the other aspects of the case, for example delaying resolution of claim construction and allowing additional discovery.  *Id.* at 5-7.

The court did allow Online Resources leave to amend the answer out of time, finding good cause existed to expand the earlier invalidity defense to incorporate the *Jack Henry* court's decision, particularly where Joao Bock had ample notice of the decision's impact on this matter.  **See** Filing Nos. 144 and 145.  The circumstances surrounding the invalidity contentions substantially differs from the motion to amend.

Joao Bock initially filed this case in June 2013.  After nearly two years, the court cannot yet set the matter for trial.  While the parties may well point fingers, blame for delay should be indiscriminately apportioned.  Nevertheless, delay continues to infect proceedings.  The court based progression deadlines on the parties' reasonable projection of the time necessary to complete the work associated with preparing this case for claim construction and trial.  The parties and the court favorably viewed brief and even some longer extensions when equitably necessary.  However, Online Resources' current motion to amend the progression order exceeds all reasonable bounds.  Rather than diligently pursuing a course of action, such as completing the tasks necessary to file invalidity contentions, Online Resources made a fully measured choice to forego filing invalidity contentions.  Online Resources calculated the decision by balancing cost savings and optimistic merits for the summary judgment motion on one side with the court's perceived temporal lenience on the other.[2]  Online Resources precariously waited for the courts' determinations on summary judgment and validity.  Such a deliberate wait does not constitute either good cause or excusable neglect to satisfactorily justify late amendments to the court's progression order.

The court's conclusion obviates the need to evaluate prejudice to Joao Bock.  **See** *Hartis*, 694 F.3d at 948.  However, in the alternative, the court finds undue prejudice to Joao Bock precludes Online Resources' requested extension.  Despite

---

[2] The court declines to assess any ill motive to Online Resources.  **See** ***Computer Acceleration Corp. v. Microsoft Corp.***, 481 F. Supp. 2d 620, 626 (E.D. Tex. 2007) ("This [patent] case is another example of the tension between the necessity for orderly and complete discovery on the one hand, and the natural desire of litigants to attain important tactical advantages by delaying disclosure of key elements of their case.").

5

Joao Bock's familiarity with the proposed invalidity contentions, Joao Bock fails to identify concrete impact or prejudice to either the actual discovery or claim construction process in this matter.[3]  Still, the court agrees Online Resources' deliberate delay and explicit denial of intent to file contentions engendered Joao Bock's reliance and impacted other facets of this case.  Moreover, the parties and the court need adequate time to explore and address validity issues prior to the claim construction hearing.  **See Computer Acceleration Corp. v. Microsoft Corp.**, 481 F. Supp. 2d 620, 626 (E.D. Tex. 2007) (allowing amendment to previously disclosed invalidity contentions to add prior art); **see also Bancorp Services, L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)**, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012) (noting courts may decline to construe numerous disputed terms prior to considering invalidity even though "it will ordinarily be desirable. . . to resolve claim construction disputes").  Upon consideration,

**IT IS ORDERED**:

1. Online Resources' Verified Motion to Amend Progression Order (Filing No. 149) is denied.

2. Online Resources shall have until **May 20, 2015**, to file a response to Joao Bock's Motion for Summary Judgment of No Invalidity (Filing No. 146).

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 4th day of May, 2015.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge

---

[3] In fact, Online Resources states it "cannot state whether claim construction will be impacted by invalidity contentions because this Court has not yet given ORCC permission to craft those contentions. [It] can state that indefiniteness is already at issue . . . and that prior art and unpatentable subject matter will likely be raised as additional grounds of invalidity."  **See** Filing No. 175 - Reply p. 6.