IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOAO BOCK TRANSACTION SYSTEMS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ONLINE RESOURCES CORP., <br><br> Defendant. | 8:13CV245 <br><br> MEMORANDUM AND ORDER |

This matter is before the court on a motion for summary judgment of no invalidity filed by the plaintiff Joao Bock Transaction Systems, LLC (hereinafter, "Joao Bock,") Filing No. 146, and on an objection, Filing No. 177, to the magistrate judge's order, Filing No. 176, on a motion to amend the progression order, Filing No. 149, filed by defendant Online Resources Corp. (hereinafter, "Online"). This is a patent infringement action under 15 U.S.C. § 1, et seq. The action involves United States Patent No. 7,096,003, titled "Transaction Security Apparatus" (hereinafter, "the '003 Patent"). Joao Bock is the owner of the patent and alleges that Online infringed it.

Online objects to the magistrate judge's order denying its motion for leave to amend the progression order to allow Online to file invalidity contentions out of time. In its motion for summary judgment, Joao Bock seeks a declaration of "no invalidity" with respect to the claims of the '003 patent at issue, based on Online's failure to file invalidity contentions as ordered in the progression order. See Filing No. 146, Motion; Filing No. 36, Progression Order; Filing No. 50, Order modifying progression order. For the reasons set forth below, the court finds Online's objection to the magistrate judge's finding should be sustained and the magistrate judge's order denying leave to file

invalidity contentions should be reversed. The court finds, in view of the convoluted procedural history of this case, that the patent action should be decided on the merits, not on a technical application of the progression order and discovery rules. The resolution of that issue also resolves Joao Bock's summary judgment motion on validity.

I.  BACKGROUND

The facts are set out in other orders and need not be fully repeated herein. *See* Filing No. 135, Memorandum and Order (sealed) at 2-9; Filing No. 188, Memorandum and Order (redacted) at 2-9; Filing No. 136, Memorandum and Order at 2-3; Filing No. 144, Order at 1-2; Filing No. 141, Order at 1-3. This case was originally consolidated with a breach of contract action filed by Applied Communications, Inc., ("ACI") against Joao Bock in this court. *See ACI v. Joao Bock*, Case No. 8:13-CV-231 (D. Neb.). ACI is Online's successor in interest.[1] Filing No. 188, Memorandum and Order at 12-13. Joao Bock counterclaimed for patent infringement in the breach-of-contract case and Online/ACI counterclaimed for breach of contract in this case. *Id.*, Filing No. 17 in Case No. 8:13-CV-231, Answer and Counterclaim; Filing No. 32 in Case No. 8:13-CV-245, Answer and Counterclaim; Filing No. 145, Amended Answer and Counterclaim in 8:13-CV-245. On motions for summary judgment, this court dismissed the breach-of-contract claims in both cases. Filing No. 188 in 8:13-CV-245, Memorandum and Order (redacted) at 15; Filing No. 144-2 in 8:13-CV-231, Memorandum and Order (redacted) at 15. The patent infringement counterclaim in the breach-of-contract action was dismissed as duplicative of the patent infringement claims asserted herein and those

---

[1] ACI has a license to use Joao Bock's patent and it bought Online after it executed the license. *See* Filing No. 188, Memorandum and Order (redacted) at 12-13. Joao Bock is asserting patent infringement with respect to Online's pre-merger conduct. *Id.* at 4 n.4.

2

allegations were merged into this action. Filing No. 144-2 in 8:13-CV-231, Memorandum and Order at 15. Notably, the court commented, "[j]ust as JBTS may assert an infringement claim for premerger conduct, ACI, as ORCC's successor, may assert the defense of invalidity." *Id.* at 14. Both parties have appealed the orders.[2] *See* Filing Nos. 151, 162 and 166. The case has not been stayed pending the appeals.

The record shows that the magistrate judge originally issued a progression order in this case on November 27, 2013, setting a deadline for filing invalidity contentions of March 21, 2014. Filing No. 36. Some deadlines in that order, including the invalidity contention deadline, were extended for one reason or another on motions of both parties, including the invalidity contention deadline. *See, e.g.,* Filing No. 50, Order extending invalidity contention and claim construction deadlines; Filing No. 52, text order extending summary judgment deadline; Filing No. 48, Index of Evid., Ex. A, E-mail dated March 27, 2014 from Joao Bock counsel (agreeing to an extension of time for Online to serve preliminary invalidity contentions).

Online did not file invalidity contentions in this case, it focused instead on the breach of contract claims and pending summary judgment motions, stating, "[w]e don't intend to serve patent invalidity contentions, given the expense involved and the merits of our [motion for summary judgment]." Filing No. 79-4, E-mail dated June 2, 2014.

---

[2] Online appealed this court's rulings in both cases to the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") and filed a corresponding cross-appeal in the Court of Appeals for the Federal Circuit ("Federal Circuit"). Filing Nos. 151 & 162. Joao Bock appealed only to the Federal Circuit. Filing No. 166. The Eighth Circuit dismissed Online's appeal, finding that the Federal Circuit "has exclusive appellate jurisdiction of this entire consolidated case composed in large part of federal patent claims." Filing No. 207, Eighth Circuit Opinion at 6; *Online Res. Corp. v. Joao Bock Transaction Sys., LLC*, No. 15-1669, 2015 WL 8958879, *3 (8th Cir. Dec. 15, 2015). The appeal at the Federal Circuit remains pending. *See Online Res. Corp. v. Joao Bock Transaction Sys., LLC*, No. 15-1566/15-1567, *appeal docketed* (Fed. Cir. Apr. 17, 2015).

3

Joao Bock moved for "terminating sanctions," alleging that Online was guilty of several bad acts, including failing to do a sufficient analysis of the patent before filing the breach of contract claim, disobeying the court's progression orders, and failing to file invalidity contentions. Filing No. 77, Motion. It sought dismissal of Online's invalidity assertions as a sanction for the alleged improprieties. *See id.* In opposition to that motion, Online stated that it had "recently located an expert" and that "[i]f such expert has opinions as to the invalidity of the patent-in-suit, [ACI and Online] will at that time, as necessary, ask the Court for permission to file invalidity contentions out of time." Filing No. 89, Brief at 2. Online also argued that it was unable to serve invalidity contentions because Joao Bock had not yet produced certain invalidity-related documents. *Id.* at 3. While the sanction motion and cross-motions for summary judgment were still pending in the cases, Online moved to amend its Answer in this case in light of a finding by the United States District Court for the District of Delaware that certain claims of the '003 patent are invalid. Filing No. 131, Motion, Ex. C, *Joao Bock Transaction Sys., LLC v. Jack Henry & Assocs.*, 76 F. Supp. 3d. 513, 520 (D. Del. 2014), *aff'd,* 803 F.3d 667 (Fed. Cir. 2015) (per curiam) ("*Jack Henry*").³

This court denied Joao Bock's motion for the sanction of dismissal contemporaneously with the order dismissing the breach-of-contract action on March 2, 2015, noting that neither party was blameless. Filing No. 136, Memorandum and Order at 6. The court found "both parties have engaged in some degree of gamesmanship,

---

³ In that patent infringement action, the Delaware District Court found that twelve claims from the '003 Patent were invalid as patent-ineligible abstract ideas and, therefore, were not infringed. *Jack Henry,* 76 F. Supp. 3d at 520. The district court relied on the recent Supreme Court opinion in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l,* 134 S. Ct. 2347, 2354 (2014). *Id.* at 518-19.

4

posturing, tactical maneuvering, and dilatory conduct in zealously prosecuting their positions, although it appears to the court that [Online's successor, ACI] has been more responsible for needlessly prolonging and overcomplicating the proceedings." *Id.*

Thereafter, Online filed a renewed motion to stay the patent action pending resolution of *Jack Henry* on appeal to the Federal Circuit. Filing No. 122, Motion. The magistrate judge denied the motion, stating that "Joao Bock alleges infringement on more than the claims found invalid in *Jack Henry*" and noting that Joao Bock "would at a minimum eliminate any claims found to be invalid or unresolved in the *Jack Henry* appeal." Filing No. 141, Order at 3-4. On March 19, 2015, the magistrate judge granted Online leave to amend the answer, stating "[u]nder the circumstances, the court finds [Online] has shown good cause for the timing of filing the motion to amend." Filing No. 144, Order at 3. The magistrate judge noted that although the amendment deadline had passed, the reason for the amendment was recent, the case was in the early stages of discovery, the *Markman* hearing not been held and the case was not set for trial.[4]  *Id.* Further, it found Joao Bock failed to show unfair prejudice as the result of any delay, noting that "Joao Bock, aware of the *Jack Henry* court's decision, had ample notice of its impact on this matter." *Id.*

Shortly thereafter, on March 25, 2015, Joao Bock filed its motion for summary judgment of no invalidity. Filing No. 146, Motion.  That same day, Online filed a motion to extend the progression order. Filing No. 149, Motion.  Online sought a modification of the progression order in this case to allow it 21 days after the court's ruling on the motion to file its invalidity contentions.  *Id.*  In its brief, it identified the two experts on

---

[4] *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).


which it intends to rely and stated that it anticipated the invalidity contentions would "be substantially similar to the contentions filed in the *Jack Henry* matter, which [Joao Bock] has been aware of since at least September 29, 2014, when such experts' reports were filed in *Jack Henry*." Filing No. 150, Brief at 3.

The magistrate judge found Online had not shown good cause or excusable neglect for the delayed filings and denied the motion. Filing No. 176, Order at 6. The magistrate judge found that Online made a measured choice to forego filing invalidity contentions based on balancing cost savings and relying on optimistic views on the merits of the then-pending summary judgment motion. *Id.* at 5. The magistrate judge alternatively found undue prejudice to Joao Bock precluded the requested extension. Id. He declined, however to assess any ill motive to Online. *Id.*, n.2.

Online has now filed a notice of additional authority, a decision of the United States District Court for the Middle District of Florida granting a summary judgment of invalidity with respect to 19 claims of the '003 patent. *Joao Bock Transaction Sys. v. Fidelity National Information Servs*., No. 3:13cv223, 2015 WL 4743669, at *6 (M.D. Fla. Aug 10, 2015)*, appeal docked, No. 15-1956 (Fed. Cir. Aug. 28, 2015) (hereinafter, "*FNIS*").[5]   In response, Joao Bock has shown that the *FNIS* action has been appealed and has stated that it will not assert infringement with respect to the claims of the '003 patent that were found invalid in *FNIS*. Filing No. 201-1, Response, Ex. A, Notice of Appeal; Filing No. 201, Response at 1.

---

[5] In that case, the Florida District Court found the claims at issue therein "encompass an abstract idea," that being "account monitoring and authorization" or "using account holder notifications or account limits to provide security for financial transactions and accounts," lacking an inventive concept that transformed the abstract idea to a patent-eligible claim. *FNIS,* 2015 WL 4743669, at *6, *8, *10.

A *Markman* hearing has now been held and the court contemporaneously enters an order on claim construction.

II. LAW

    A. Magistrate Judge's Order

A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.").

A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Commissioner of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996); *see Ferguson*, 484 F.3d at 1076. "A decision is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F.Supp.2d 1087, 1093 (N.D. Iowa 2008)). A magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes. *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995).

7

The court may modify its scheduling order upon a showing of "good cause." Fed. R. Civ. P. 16(b) (4). In turn, "good cause" is shown by the moving party's diligence in attempting to meet the scheduling order requirements. *See Pilgrim v. Brumbaugh & Quandal, P.C.*, Case No. 8:13-CV-191 (D. Neb. May 5, 2014) (citations omitted). "The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision [to allow modification of the progression order]." *See Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (citation and internal quotation marks omitted).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.,* 911 F.2d 670, 672-73 (Fed. Cir. 1990). "[T]he ultimate question of patent validity is one of law," though factual determinations bear on the outcome. *Microsoft Corp. v. i4i Ltd.,* 131 S. Ct. 2238, 2242-43 (2011). As in all other cases, the party moving for summary judgment on a question of patent validity bears the burden, and "the district court is required to view the evidence presented in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of the nonmoving party." *C.R. Bard*, 911 F.2d at 672.

III. DISCUSSION

This action has a somewhat convoluted procedural history. The posture of the case has changed in view of the court's dismissal of the companion breach-of-contract action and the fact that Online was granted leave to amend its answer to add allegations that rely on the *Jack Henry* case, which involves the issue of invalidity. A

8

party amending a pleading would generally contemplate that an amendment could require some adjustment to the progression of the case.  Joao Bock has shown that Online has had actual notice of the identity of its expert witnesses and the substance of its potential invalidity arguments for some time by virtue of Joao Bock's statement that it anticipated raising the same invalidity arguments that had been raised in *Jack Henry*.

As early as July 21, 2014, Joao Bock signaled its intention to seek leave to file invalidity contentions, citing its retention of an expert and conditioned on the expert's opinions on invalidity, in response to Online's motion for dismissal as a sanction.  *See* Filing No. 89, Brief at 2.  Online seeks to rely on the persuasive force or collateral estoppel effect of *Jack Henry*, and now *FNIS,* and cannot be heard to complain of Joao Bock's potential arguments to refute those contentions.  On the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed in denying leave to amend the progression order to allow the filing of invalidity contentions out of time.

As noted above, the court has earlier noted that both parties have engaged in dilatory tactics and gamesmanship.[6]  The court finds it would not be fair, under these circumstances to deny the alleged infringer leave to present its defense of invalidity by filing its assertions of invalidity out of time.  In this court's order dismissing Online's breach of contract action and finding Joao Bock's counterclaim for patent infringement was duplicative of its claims in the present case, this court stated "[j]ust as [Joao Bock]

---

[6] The Florida District Court stated it too "had previously expressed concern over the gamesmanship frequently displayed by Joao Bock," but declined to enter sanctions, stating it was "not convinced that Joao Bock deserves to be sanctioned when these claims had never been found ineligible before."  *FNIS,* 2015 WL 4743669*,* at *12.

may assert an infringement claim for pre-merger conduct, ACI, as ORCC's successor, may assert the defense of invalidity." Filing No. 135, Memorandum and Order at 14. That statement would seem to imply that Online would be allowed to pursue its invalidity defense, and Online was reasonable to rely on the implication that its invalidity assertions were not waived or barred as untimely. Also, the legal landscape has changed to some degree after the Supreme Court's decision in *Alice,* 134 S. Ct. at 2353, in March 2014*,* which "started a wave of court activity on the patent-eligibility of abstract ideas." *FNIS*, 2015 WL 4743669, at *4. Accordingly, the court finds the order of the magistrate judge should be reversed and Online's motion to amend the progression order and to allow the filing of invalidity contentions out of time should be granted.

Joao Bock's motion for a summary judgment of "no invalidity" is based solely on Online's failure to file invalidity contentions. In view the resolution of Online's objection to the order of the magistrate judge, Joao Bock can no longer rely on Online's failure to file invalidity contentions to sustain its burden to show it is entitled to summary judgment on the validity issue. Accordingly,

IT IS HEREBY ORDERED:

1. Defendant Online's objection (Filing No. 177) to the magistrate judge's finding is sustained.

2. The magistrate judge's order (Filing No. 176) is reversed.

3. Defendant Online's motion to amend the progression order (Filing No. 149) is granted.

4. Defendant Online shall file invalidity contentions within 21 days of the date of this order.

5. Plaintiff Joao Bock's motion for summary judgment of no invalidity (Filing No. 146) is denied.

6. Counsel for plaintiff Joao Bock shall initiate a telephone planning conference with all parties and United States Magistrate Judge Thalken within ten days of the date of this order to schedule a conference at which all further deadlines in this matter will be set. See Filing No. 141, Order at 4.

DATED this 23rd day of December, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge